UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jun Fang, <br>                                 Plaintiff, <br> v. <br><br> The Partnerships and Unincorporated <br> Associations Identified on Schedule "A", <br>                               Defendants. | Case No. 1:24-cv-08963 <br><br> Judge Lindsay C. Jenkins |

**Plaintiff's Response to Defendant's Motion to Dismiss Under Rule 12(b)(2)**

**NOW COMES** Plaintiff Jun Fang ("Plaintiff"), by and through his undersigned counsel, and responds to the motion to dismiss [Dkt. 38] filed by Defendant FENGBIN Co., Ltd ("Defendant") and states as follows.

Defendant argues that jurisdiction is improper because Defendant never sold or shipped the accused products to the United States, but this is too narrow of a view of personal jurisdiction. Notably, Defendant has not presented any evidence or denied that their ecommerce stores sold or shipped other non-infringing products to Illinois. Rather, the uncontradicted allegations of the Complaint allege that Defendant target their business activities at Illinois and this Judicial District generally, and that Defendant sold products to Illinois from the same ecommerce storefronts that advertised and offered the infringing product for sale in Illinois. Accordingly, because the uncontradicted assertions of the Complaint show that Defendant has conducted some amount of business in Illinois from their ecommerce storefronts, Plaintiff has established a *prima facie* case showing to support this Court's exercise of personal jurisdiction over Defendant and Defendant's motion to dismiss should be denied.

1

**I.      Legal Standard**

To defeat a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff need only make out a *prima facie* case, in the absence of an evidentiary hearing. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Facts alleged in the complaint are taken as true unless the defendants submit affidavits challenging the alleged facts. *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, No. 19 C 6234, 2019 WL 6827641, at *1–2 (N.D. Ill. Dec. 13, 2019) ("For this order, the Court accepts as true the following facts from the complaint."). Where the defendant disputes the jurisdictional allegations by "affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Rsch. Found.*, 338 F.3d at 782–83. Here, Defendant has submitted an affidavit stating that they never sold or shipped any accused products to the United States, so the question is whether there is a genuine dispute after accepting "allegations relating to personal jurisdiction as true except where the defendants refute them through undisputed affidavits." *Swanson v. City of Hammond*, 411 F. App'x 913, 915 (7th Cir. 2011).

**II.     Defendant is subject to this Court's specific personal jurisdiction.**

To determine if a plaintiff has made out a *prima facie* case of personal jurisdiction, the Court accepts the complaint's well-pleaded factual allegations as true unless defendants submit affidavits challenging the alleged facts. *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24 CV 607, 2024 WL 3338942, at *2 (N.D. Ill. July 9, 2024) (JENKINS, J.). Here, two paragraphs of the Complaint allege facts that are relevant to personal jurisdiction:

- "this Court may properly exercise personal jurisdiction over Defendants because each Defendant directly targets its business activities toward consumers in the United States, including Illinois and this Judicial District. Defendants reach out to do business with residents of Illinois and this Judicial District by operating one or more commercial, fully interactive Defendant Online Stores through which residents of Illinois and this Judicial District can purchase products being offered and sold under counterfeit versions of Plaintiff's federally registered trademark. Each Defendant has targeted sales from residents of Illinois and this Judicial District by operating Defendant Online Store(s) that accept(s) payment in U.S. dollars and offers shipping to addresses within Illinois and this Judicial District for products offered with counterfeit versions of Plaintiff's federally registered trademark. Each Defendant has committed and is committing tortious acts in Illinois and this Judicial District, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois." [Dkt. 1 at ¶ 8].

- "Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Online Stores. Each Defendant targets the United States, including Illinois and this Judicial District, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit Products to consumers within the United States, including the State of Illinois and this Judicial District." [Dkt. 1 at ¶ 15].

To dispute Plaintiff's jurisdictional allegations, Defendant submitted a declaration that asserts, among other things, that they have no physical presence in Illinois. [Dkt. 38-1 at ¶¶ 3–4]. Notably, however, Seventh Circuit cases "make clear [] that physical presence is not necessary for a defendant to have sufficient minimum contacts with a forum state." *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022) (citing, *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020)), *cert. denied*, 214 L. Ed. 2d 341, 143 S. Ct. 577 (2023). Defendant's submitted declaration also assert that jurisdiction is improper because Defendant "never sold or shipped any accused products to the United States." [Dkt. 38-1 at ¶ 5]. Taken together, Defendant's evidence contradicts the Complaint's allegations that Defendant has sold Counterfeit Products to consumers within the United States, but Defendant's declaration does not deny that Defendant's ecommerce storefronts "targets [Defendant's] business activities toward consumers in the United States, including Illinois and this Judicial District." [Dkt. 1 at ¶ 8]. Moreover, Defendant's evidence in their declarations does not deny that, in the course of their ecommerce business, they marketed, sold, or shipped other products to Illinois that were not alleged to be infringing. *See* [Dkt. 1 at ¶ 8] (alleging that each Defendant "is engaging in interstate commerce" through their Defendant Online Store). Therefore, for the purposes of analyzing whether Plaintiff has made out a *prima facie* case of personal jurisdiction, the Court should conclude that Defendant indeed targets Defendant's business activities to consumers in the United States and this judicial district, and do business in Illinois with their online storefronts generally, but have not sold the accused products in Illinois or this judicial district.

Same as in *Roadget*, Defendant suggests that Defendant is not subject to personal jurisdiction in Illinois since Defendant "never sold or shipped any accused products to the United States. [Dkt. 38 at 1]. "This is a slightly too narrow view of specific personal jurisdiction." *Roadget*

*Bus. Pte. Ltd.*, 2024 WL 3338942, at *3 (N.D. Ill. July 9, 2024). Notably, to exercise specific personal jurisdiction, a suit "must arise out of or relate to the defendant's contacts with the forum," but the relationship need not be strictly causal. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–62 (2021). In *Ford*, the Supreme Court interpreted its longstanding personal jurisdiction precedent to mean that a claim may "relat[e] to" a defendant's forum contacts without a direct causal connection. *Id.* at 362. Taking the allegations of Plaintiff's Complaint that Defendant "generally conduct[s] e-commerce business in Illinois as true, there is a genuine dispute as to whether those contacts support exercising jurisdiction, even if Defendant[] did not sell or ship the challenged products to Illinois." *Roadget Bus. Pte. Ltd.*, 2024 WL 3338942, at *4. The uncontradicted allegations of Plaintiff's Complaint, which are taken as true, allege that Defendant advertises, markets, and targets Defendant's business activities toward consumers in the United States, including Illinois and this Judicial District, through their ecommerce storefronts, and that they engaged in interstate commerce and sold and shipped products to Illinois that were not alleged to be infringing through their ecommerce storefronts. [Dkt. 1 at ¶¶ 8, 15]. The allegations of the Complaint also allege that the accused products were advertised, marketed, and made available to customers in this Judicial District through these same ecommerce storefronts which sold non-infringing products to Illinois customers. The Complaint alleges, and Defendant does not dispute, that they conduct ecommerce business in Illinois generally, and "[t]he fact that Defendant[] conduct[s] e-commerce business in Illinois is enough for a *prima facie* case that [Plaintiff]'s claims regarding other products Defendant[] sell[s] from the same online storefronts relate to Defendants' jurisdictional contacts with Illinois." *Roadget Bus. Pte. Ltd.*, 2024 WL 3338942 at *4–5. Taking the uncontradicted Complaint's allegations that Defendant has conducted some amount of business in Illinois from their ecommerce storefronts as true, Plaintiff has established a *prima facie* showing

to support this Court's exercise of personal jurisdiction over Defendant, despite Defendant's sales to Illinois involving products that were not alleged to be infringing. *Id*. (denying motion to dismiss for lack of personal jurisdiction where Defendants submitted declaration stating that they never sold or shipped the accused product to Illinois, because the uncontradicted allegations of the Complaint ***alleged that Defendants sold and shipped other, non-infringing products to Illinois through the same ecommerce storefront where the accused product was marketed and available to customers in Illinois***, which established a *prima facie* case of personal jurisdiction over Defendants despite Defendants not selling a single accused product to Illinois); *Yiwu Baimei Electronic Commerce Co., Ltd., v. The Partnerships*, No. 24-cv-08704, Dkt. 119 (N.D. Ill. Dec. 16, 2024) (JENKINS, J.) (denying 12(b)(2) motion to dismiss where Complaint alleged that "Defendant has conducted some amount of business in Illinois" and "Defendant's only argument [was] that the Court lacks personal jurisdiction because it 'has never sold any infringing products to the state of Illinois up to the date.' ***But this assertion supports jurisdiction even if Defendant's sales involved products other than those at issue in the lawsuit***."); *see also, Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 165 n.3 (2d Cir. 2010) ("Nevertheless, because our holding in the instant case is that an employee's single act of shipping a bag – **any bag, not necessarily a counterfeit one** – into the State of New York, combined with the employer's other business activity involving the State of New York, gives rise to an inference that the defendant purposefully avail[ed himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws") (internal citations omitted); *Car-Freshner Corp. v. Scented Promotions, LLC*, 2021 WL 1062574 (N.D.N.Y. Mar. 19, 2021) ("The Court rejects Defendants' argument that sales of non-Black Ice air fresheners to New York customers are irrelevant to the analysis, and finds that such sales can (and should) be considered as part of the larger picture of

Defendants' contacts with New York."). Accordingly, because Plaintiff has made a *prima facie* case of personal jurisdiction, Defendant's Motion to dismiss should be denied. *Id*.

Dated: February 3, 2025

        Respectfully,

        /s/ Ilya G. Zlatkin
        Ilya G. Zlatkin
        Zlatkin Cann Entertainment
        4245 N. Knox Ave.
        Chicago, IL 60641
        ilya@zce.law
        Ph. (312) 809-8022
        Fax (312) 809-6918

        *Counsel for Plaintiff*