UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jun Fang, *Plaintiff*, v. The Partnerships and Unincorporated Associations Identified On Schedule A, *Defendants* | No. 24 CV 8963 Judge Lindsay C. Jenkins |

### ORDER

Plaintiff Jun Fang filed its complaint in the case against many e-commerce storefronts for trademark infringement, 15 U.S.C. §1114. Certain moving Defendants[1] argue that the Court lacks specific personal jurisdiction over them. The Court grants the moving Defendants' motion, and those Defendants are dismissed from the case without prejudice.

A plaintiff is not required to set out facts alleging personal jurisdiction in the complaint. *Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). If a defendant moves to dismiss on personal jurisdiction grounds, however, the burden shifts to the plaintiff to demonstrate that personal jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the Court relies on written materials in its determination, without an evidentiary hearing, the plaintiff is only required to make a prima facie showing of personal jurisdiction. *Id.* at 782.

A plaintiff may choose to establish either general or specific personal jurisdiction over a defendant, but only specific personal jurisdiction is at issue here. The Court looks to Illinois' long-arm statute to determine whether it was proper to exercise personal jurisdiction over the moving Defendants. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022); see also 735 ILCS 5/2-209(c). Illinois' long-arm statute permits the exercise of jurisdiction to the full extent allowed by the Fourteenth Amendment's Due Process Clause. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 912 (7th Cir. 2011). The Due Process Clause is satisfied where the defendant has "minimum contacts" with the forum state such that requiring it to defend in the forum would not offend "traditional notions of fair play and substantial justice." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Such minimum contacts for specific personal jurisdiction requires that "(1) the defendant has purposefully directed his activities

---

[1] The moving Defendants include DIANNAO Co. Ltd, DUNENG Co. Ltd, SANZHI Co. Ltd, SETI Co. Ltd, YEBENG Co. Ltd. and FENGBIN Co. Ltd.

1

at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart, Ind.*, 996 F.3d 812, 819 (7th Cir. 2021) (citing *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020)).

In this case, the moving Defendants have put forth sufficient evidence that they have not directed any of their activities toward or sold any allegedly infringing products to residents of Illinois. They support their motion with declarations from Zhengnian Liu (dkt. 38-1), Neng Wang, Zhisan Gao, Zhuye Chen, Guanghui Zhao, and Jie Ding (dkts. 39-1, 39-2, 39-3, 39-4, and 39-5), which each state that the Defendants operate exclusively from China and have never operated stores in Illinois, never owned, leased, or utilized offices in Illinois, and never held a telephone listing or maintained bank accounts or warehouses in Illinois. The declarations also state that the Defendants have not shipped any accused products to the United States. [Declarations at ¶ 5.]

Plaintiff does not meaningfully dispute these assertions. Instead, it (understandably) points to cases where this Court has reached the opposite conclusion. But the Court has taken a fresh look at the issue and concludes that, at least in this case, simply maintaining an interactive website or e-commerce storefront without some indication of sales in this forum is insufficient to vest a court with personal jurisdiction. *See, e.g. Rubik's Brand, Ltd. v. The Partnerships*, 2021 WL 825668, at *4 (N.D. Ill. Mar. 4, 2021) (no personal jurisdiction over a defendant where only connection to the forum was operating an online marketplace that had "the possibility" of shipping to Illinois).

The moving Defendants are dismissed without prejudice for lack of jurisdiction.

Enter: 24-cv-8963
Date: February 4, 2025

_____
Lindsay C. Jenkins
United States District Judge