**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jun Fang, | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  1:24-cv-08963 |
| v. | ) | |
| | ) | Judge Lindsay C. Jenkins |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule "A", | ) | |
| Defendants. | ) | |

**<u>Motion for Extension of Time</u>**

**NOW COMES** Plaintiff Jun Fang ("Plaintiff"), by and through Plaintiff's undersigned counsel, and hereby requests an extension of time to respond to the Court's order to show cause, stating as follows:

1.  On February 27, 2025, this Court issued a minute entry giving Plaintiff until March 7, 2025, to show cause why Defendant No. 18 (Shein) should not be dismissed from the case without prejudice for failure to timely effect service. [Dkt. 56].

2.  Plaintiff has been substantively engaged in settlement discussions with Defendant Shein, and the parties have agreed to a settlement in principle. Plaintiff requires a short additional time to finalize settlement with Shein and dismiss them from the current case. Plaintiff submits that a short extension will not materially prejudice Defendant Shein, and a short extension will very likely help to avoid unnecessary substantive motion practice or the filing of a new, separate case.

3.  This Court may, for good cause, extend the time by which a response is due "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." *McCann v. Cullinan*, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal

Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *see also*, *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."). Moreover, the interests of judicial efficiency may not only be considered good cause under Rule 6, but also forgive a defendant's excusable neglect. *See*, *White v. Marshall*, 2009 WL 230096, at *3 (E.D. Wis. Jan. 30, 2009); *see also*, *Kane v. Fin. of Am. Reverse, LLC*, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018) (granting extension to file document sixteen days late where delay was minimal, not impactful to the case moving forward, and not prejudicial to the opposing party).

4.  Plaintiff respectfully requests this Court extend the date on which Plaintiff is to have filed a response to this Court's order to show cause [Dkt. 56], if ultimately necessary, to April 7, 2025.

5.  This motion has been filed in good faith and is not interposed for purposes of delay.

6.  This is the first motion for an extension of time filed by Plaintiff in this case.

7.  On March 7, 2025, Plaintiff requested whether Defendant Shein would oppose Plaintiff's requested extension. As of the filing of this motion, Defendant Shein has not expressed whether it opposed Plaintiff's requested extension.

**WHEREFORE**, Plaintiff prays that the Court will enter an order:

a)  extending the time for Plaintiff to respond to this Court's order to show cause [Dkt. 56], if ultimately necessary, until April 7, 2025.

Dated:       March 7, 2025

Respectfully,

/s/Ilya Zlatkin
Zlatkin Cann Entertainment
4245 N. Knox Ave.
Chicago, IL 60641
ilya@zce.law
Ph.  (312) 809-8022
Fax (312) 809-6918

*Counsel for Plaintiff*