IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jun Fang, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 1:24-cv-08963 |
| | ) | |
| v. | ) | Dist. Judge Lindsay C. Jenkins |
| | ) | |
| The Partnerships and | ) | |
| Unincorporated Associations | ) | |
| Identified in Schedule "A," | ) | |
|     Defendants. | ) | |

### Default Judgment Order

This action having been commenced by Plaintiff Ouyeinc Ltd. ("Plaintiff" or "Ouyeinc") against the defendants identified in the Complaint (collectively, "Defendant Online Stores"), and Plaintiff having moved for entry of Default and Default Judgment against Defendant KF Store, which had been identified in Schedule A of the Complaint as Defendant 63, and additional information about which is provided on Exhibit A attached hereto ("Defaulting Defendant");

This Court having entered upon a showing by Plaintiff a temporary restraining order against Defaulting Defendant which included an asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendant received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendant having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

**THIS COURT HEREBY FINDS** that it has personal jurisdiction over Defaulting Defendant because Defaulting Defendant directly targets its business activities toward consumers

in the United States, including Illinois. Specifically, Defaulting Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Online Stores through which Illinois residents can purchase products being sold by Defaulting Defendant using infringing versions of the YINGTE Mark:

| Reg. No. | Trademark | Goods |
|---|---|---|
| 6,718,955 | Yingte | For: Home dental care products for dogs and cats, namely, toothpaste; Non-medicated dental preparations for cats, dogs and pets, namely, toothpaste and preparations for removing plaque. Class 003. |

**THIS COURT FURTHER FINDS** that Defaulting Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default and Default Judgment Against Defendant No. 63 (KF Store) is GRANTED in its entirety, that Defaulting Defendant is deemed in default and that this Final Judgment is entered against Defaulting Defendant.

**IT IS FURTHER ORDERED** that:

1. Defaulting Defendant, Defaulting Defendant's affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. using the YINGTE Mark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine YINGTE Product or not authorized by Plaintiff to be sold in connection with the YINGTE Mark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine YINGTE Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the YINGTE Mark;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the YINGTE Mark and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the YINGTE Mark.

2. Defaulting Defendant and any third party with actual notice of this Order who is providing services for the Defaulting Defendant, or in connection with any of the Defendant Online Stores or other online marketplace accounts operated by Defaulting Defendant, including, without limitation, any online marketplace platforms such as Amazon, eBay, AliExpress, Wish, WhaleCo Inc. ("Temu"), Shein, Joom, Alibaba, Walmart, web hosts, sponsored search

engine or ad-word providers, credit cards, banks, merchant account providers, third-party processors, and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, "Third Party Providers") shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services being used by Defaulting Defendant, currently or in the future, to engage in the sale of goods using the YINGTE Mark;

    b. disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of infringing goods using the YINGTE Mark; and

    c. take all steps necessary to prevent links to the Defendant Online Stores identified on Schedule A hereto from displaying in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from the Defaulting Defendant in the amount of Fifty Thousand U.S. Dollars ($50,000) for willful use of counterfeit YINGTE Mark on products sold through at least the Defendant Online Stores.

4. Any Third-Party Providers holding funds for Defaulting Defendant, including PayPal, Payoneer, AliPay / AntFinanical, Joom, Temu, Shein, eBay, Wish/ContextLogic, Walmart, and Amazon shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any non-U.S. based accounts connected to Defaulting Defendant or the Defendant Online Stores identified in Schedule A hereto from transferring or disposing of any money or other of Defaulting Defendant's assets.

5. All monies currently restrained in Defaulting Defendant's financial accounts, including monies held by Third Party Providers such as PayPal, Payoneer, AliPay / AntFinanical, Joom, Temu,

Shein, eBay, Wish/ContextLogic, Walmart, and Amazon are hereby released to Plaintiff as partial payment of the above-identified damages, and PayPal, Payoneer, AliPay / AntFinanical, Joom, Temu, Shein, eBay, Wish/ContextLogic, Walmart, and Amazon are ordered to release to Plaintiff the amounts from Defaulting Defendant's accounts within fourteen (14) calendar days of receipt of this Order.

6. Until Plaintiff has recovered full payment of monies owed to it by Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers, including PayPal, Payoneer, AliPay / AntFinanical, Joom, Temu, Shein, eBay, Wish/ContextLogic, Walmart, and Amazon, in the event that any new financial accounts controlled, used, or operated by Defaulting Defendant are identified. Upon receipt of this Order, Third Party Providers, including PayPal, Payoneer, AliPay / AntFinanical, Joom, Temu, Shein, eBay, Wish/ContextLogic, Walmart, and Amazon, shall within five (5) business days:

   a. locate all accounts and funds connected to Defaulting Defendant or the Defendant Online Stores, including, but not limited to, any PayPal, Payoneer, AliPay / AntFinanical, Joom, Temu, Shein, eBay, Wish/ContextLogic, Walmart, and Amazon accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defaulting Defendant by third parties;

   b. restrain and enjoin such accounts or funds that are not U.S. based from transferring or disposing of any money or other of Defaulting Defendant's assets; and

   c. release all monies restrained in Defaulting Defendant's financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

7. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, Plaintiff may send notice of any supplemental proceeding to the Defaulting Defendant by e-mail at any e-mail addresses provided for Defaulting Defendant by Third-Party Providers or other third parties.

8. The $10,000.00 cash bond posted by Plaintiff is hereby released to Plaintiff or Plaintiff's counsel, ZCE LLC d/b/a Zlatkin Cann Entertainment. The Clerk of the Court is directed to return the cash bond previously deposited with the Clerk of the Court to Plaintiff or Plaintiff's counsel.

This is a Final Judgment.

Enter: 24-cv-8963

Dated: March 21, 2025

U.S. District Court Judge Lindsay C. Jenkins

**Exhibit A**

| No | Store | Link | Country | Owner | Contact | Evidence |
|----|-------|------|---------|-------|---------|----------|
| 63 | KF Store | https://www.walmart.com/seller/101654791?itemId=7329154930&pageName=item&returnUrl=%2Fip%2FDog-Toothbrush-Finger-Brush-Toothpaste-Dental-Kit-For-Pet-Oral-Health-Care%2F7329154930%3Ffrom%3D%2Fsearch | China | huizhoushiruqiang kejiyouxiangongsi | xinwanglu3haojingyigongguan4haolou8ceng03haofang huizhoushi, GD 516003, CN (+86) 13510829748 | Exhibit 2 to Declaration of Jun Fang |