UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jun Fang, | ) |
|                 Plaintiff, | ) ) ) Case No. 1:24-cv-08963 |
| v. | ) ) Dist. Judge Lindsay C. Jenkins |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) ) ) ) |
|                 Defendants. | ) |

**RESPONSE TO ORDER TO SHOW CAUSE**

**NOW COMES** Plaintiff Jun Fang ("Plaintiff"), by and through his undersigned counsel, and in response ("Response") to this Court's order to show cause with respect to non-dismissal of Defendant 18 (SHEIN), states as follows:

**I. Introduction**

Plaintiff filed the original complaint in this case on September 26, 2024. (Dkt. 1.) On November 5, 2024, Plaintiff filed *ex parte* motions for a temporary restraining order (Dkt. 10) and electronic service of process (Dkt. 11), which the Court granted. (Dkt. 17). Plaintiff timely served the Court's TRO on all Defendants, including upon SHEIN. Due to SHEIN's unique role as both a defendant and a platform through which third-party defendants sold counterfeit products, Plaintiff elected to engage in negotiations with SHEIN rather than impose a deadline for responding to the complaint.

Plaintiff and SHEIN have negotiated and agreed on terms to a settlement agreement. Assuming full performance by both parties, SHEIN will be dismissed voluntarily from this litigation by Plaintiff in due course. As of the date of this Response, both parties have pending obligations under the settlement agreement.

1

## II. **The Settlement Agreement Between Plaintiff and SHEIN Is Pending Performance.**

Within the Seventh Circuit, federal courts do not necessarily retain jurisdiction over enforcement of settlement agreements after a case is dismissed. *See, generally*, *Lynch v. SamataMason, Inc.*, 279 F.3d 487 (7th Cir. 2002); *Blue Cross & Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634 (7th Cir. 2006); *Shapo v. Engle*, 463 F.3d 641 (7th Cir. 2006). Because Plaintiff has entered into a settlement agreement with SHEIN, dismissal of this case prior to the parties' performance of their respective obligations under the settlement agreement could serve as an unnecessary complication for the parties' performance of their obligations under the settlement agreement, due to the elimination of the Court's jurisdiction over the performance of the settlement agreement.

## III. **Non-Dismissal of SHEIN is consistent with fairness, convenience, and judicial economy.**

The Court undoubtedly has the authority to exercise the Court's discretion in dismissing Plaintiff's complaint against SHEIN in accordance with Rule 4(m). If the Court elects to dismiss the case against SHEIN, such dismissal would be without prejudice. *See* FED. R. CIV. P. 4(m). As of the date of this Response, Plaintiff's claims against SHEIN are not time-barred, and no concerns over the timeliness of Plaintiff's claims against SHEIN currently exist. As a result, a dismissal without prejudice would not eliminate Plaintiff's right to refile Plaintiff's claims against SHEIN. Upon re-filing, Plaintiff would be required to disclose this proceeding as a related case, and it is likely that any refiled case would be assigned to this Court. Such an outcome would solely serve to further burden the Court's docket with an additional case and would not be in the interests of judicial economy.

## IV. Conclusion

Plaintiff respectfully requests this Court provide sufficient extensions to enable Plaintiff and SHEIN to effect the terms of their settlement agreement. Assuming the parties do so, Plaintiff will voluntarily dismiss Plaintiff's claims against SHEIN in due course.

Dated: March 26, 2025

Respectfully submitted,

/s/ Ilya G. Zlatkin
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 N. Knox Ave.
Chicago, IL 60641
ilya@zce.law
Ph. (312) 809-8022
Fax (312) 809-6918

*Counsel for Plaintiff*