**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jun Fang, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  1:24-cv-08963 |
| v. | ) | |
| | ) | Judge Lindsay C. Jenkins |
| The Partnerships and | ) | |
| Unincorporated Associations | ) | Magistrate Judge Heather K. McShain |
| Identified on Schedule "A", | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff's Motion for Discovery**

**NOW COMES** Jun Fang ("Plaintiff"), by and through its undersigned counsel, and in requests leave to conduct limited discovery upon third-party Walmart, Inc. ("Walmart") and in support thereof states as follows:

1. In response to the temporary restraining order ("TRO") entered in the case on November 6, 2024 [Dkt. 17], Walmart identified the following defendants (the "Remaining Defendants") having these respective amounts restrained:

| No | Store | Partner ID | Account Balance as of 11/29/2024 |
|---|---|---|---|
| 32 | AaSFJEG | 10001596059 | $12,443.60 |
| 38 | bppmkin | 10001703775 | $10,494.10 |
| 39 | Caeoweyjj | 10002500755 | $11,990.07 |
| 42 | Dengyli | 10001640360 | -$90.03 |
| 46 | guangzhoumuguchenkejiyouxiangongsi | 10001687953 | $4,494.26 |
| 47 | Guangzhouqihengzumaoyiyouxiangongsi | 10001690621 | $1,406.72 |
| 48 | guangzhoushichuruimaoyiyouxiangongsi | 10001687920 | $0.00 |
| 50 | GXuoiang | 10002514342 | $2,875.76 |
| 51 | Hjuang | 10001674384 | $3,371.39 |
| 52 | HMPEAIIY | 10002506839 | $11,602.84 |
| 55 | Huangjiacheng | 10001679186 | $5,703.56 |
| 57 | iutvdh | 10002500686 | $223.30 |
| 59 | JH ShiYe | 10002539070 | $0.00 |
| 60 | Jinzhongysb | 10001688366 | $0.00 |
| 61 | jirycw | 10002500665 | $5,406.79 |

| 63 | KF Store | 10001674144 | $19,109.32 |
|---|---|---|---|
| 68 | LOJKER | 10001676419 | $11,880.94 |
| 69 | Ludlz | 10001286161 | $0.00 |
| 71 | LZKang | 10001671096 | $12,932.90 |
| 72 | Minglerow | 10001664765 | -$178.58 |
| 74 | NJHYcx | 10001685701 | $7,515.62 |
| 76 | OKbus | 10001664634 | $1,444.92 |
| 78 | orangejuzi | 10002499856 | $4,490.68 |
| 80 | QIUSge | 10001626504 | $244.79 |
| 81 | Reitu | 10001647939 | $0.00 |
| 82 | RFQWOVSR Clothing | 10001681278 | $2,676.51 |
| 85 | Sengyong | 10001656370 | $561.15 |
| 88 | SIfdSeng | 10001531300 | $2,809.74 |
| 89 | simidamaoyi | 10001648767 | $2,692.76 |
| 90 | SKYESHEALLY | 10002506846 | $2,934.16 |
| 94 | UEBXD | 10001690375 | $1,163.41 |
| 95 | UEBXS | 10001690451 | $444.97 |
| 100 | wufeijie | 10002519225 | $1,306.46 |
| 103 | XZZjjl | 10001685593 | $808.33 |
| 105 | YT-SHOP | 10002534116 | $0.00 |
| 109 | YUHUO | 10002497215 | $3,742.73 |
| 110 | Zengyong | 10001556368 | $1,604.19 |

2. The TRO provided that, *inter alia*, Walmart shall "restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court." [Dkt. 17 § 5(b)].

3. The TRO in the case was followed by a preliminary injunction order on December 9, 2024 also providing that, *inter alia*, Amazon shall "restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court." [Dkt. 26 § 5(b)].

4. Since the entry of the TRO, or the preliminary inunction order, Walmart did not move to affect either order, and no Court order was otherwise entered to modify or affect the scope of the asset restraint against the defendants' accounts.

5. On February 6, 2026, the Court entered Default Judgment against the Remaining Defendants (other than KF Store) in the case [Dkt. 52], awarding Plaintiff $100,000 in statutory damages under 15 U.S.C. § 1117(c)(2). [Dkt. 52 ¶ 3].

6. On February 25, 2025, the Default Judgment [Dkt. 52] was provided to Walmart. **Exhibit 1**. In response, on or about May 5, 2025, Walmart transferred $4,456.22 to Plaintiff's former counsel.

7. On March 21, 2025, the court entered partial default judgment against Defendant KF Store [Dkt. 64], awarding Plaintiff $50,000 in statutory damages under 15 U.S.C. § 1117(c)(2). [Dkt. 64 ¶ 3].

8. On June 17, 2026, Plaintiff again provided the default judgment orders to Walmart in the interest of, pursuant to Sections 3 thereof, effecting a turnover of funds previously restrained by the preliminary injunction order to satisfy all or part of the default judgment-awarded damages (*i.e.*, $50,000 or $100,000 per Remaining Defendant).

9. Walmart responded that the Remaining Defendants' accounts had been liquidated, apparently at some point between January and March 2025. A true and correct copy of that exchange is attached hereto as **Exhibit 2**.

10. Federal Rules provide that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person." Fed. R. Civ. P. 69(a)(2). "All agree that the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor" and that "all the discovery devices of the Rules may be used as in the progress of the action." <u>Caisson Corp. v. Cnty. W. Bldg. Corp.</u>, 62 F.R.D. 331, 334 (E.D. Pa. 1974); <u>YCB Int'l, Inc. v. UCF Trading Co.</u>, 2014 WL 117353, at *2 (N.D. Ill. Jan. 13, 2014) ("The "rules" mentioned in Rule 69(a)(2) are the federal rules governing pre-trial discovery.").

11. Plaintiff wishes to conduct limited discovery upon third-party Walmart to determine to where the funds in the Remaining Defendants' accounts where transferred, in the interest of further execution of the default judgment orders.

**WHEREFORE**, Plaintiff respectfully requests this Court enter an order allowing limited third-party discovery pursuant to Fed. R. Civ. P. 45 and 69.

Dated this July 30, 2026

Respectfully submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Plaintiff*